UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
                                     :
CHARLES MICHAEL KEE,                 :
                                     :
                    Plaintiff,       :         20cv1840 (DLC)
                                     :
          -v-                        :         OPINION AND ORDER
                                     :
UNITED STATES OF AMERICA,            :
                                     :
                    Defendant.       :
                                     :
------------------------------------ X

DENISE COTE, United States District Judge:

Charles Michael Kee is incarcerated following a conviction in 2000 in this District.  See United States v. Kee, No. 98-CR-0778-01 (DLC) (S.D.N.Y. Dec. 14, 2000), aff'd, 29 F. App'x 625 (2d Cir. 2002), cert. denied, 537 U.S. 871 (2002).  Kee seeks, for the third time, the return of property that was seized upon his arrest.

## BACKGROUND

Kee first sought the return of his property -- a gold watch, a beeper, a lighter, a wallet with an identification card and papers, a hat, jewelry, keys, a cellphone, and $2000 in cash -- by filing in the criminal case a motion under Federal Rule of Civil Procedure 41(g).  At that time, the direct appeal of Kee's conviction was pending.  The Government represented that the property had evidentiary value, and asked to retain it until the appeal was resolved, at which time the property would be

returned to Kee.  Finding the Government had made a reasonable request, the Court denied Kee's motion as premature.  See Kee v. United States, No. 01-CV-1657 (DLC), 2001 WL 897175, at *1 and n.2 (S.D.N.Y. Aug. 9, 2001) ("Kee I") (noting the Government's position that the amount of cash at issue is $1,000, not $2,000).

In 2017, Kee filed a second petition seeking the return of property, asserting that the Government had failed to return it after his direct appeal was decided.[1]  See Kee v. United States, ECF 1:17-CV-7732, 1 (DLC) (S.D.N.Y. filed Oct. 2, 2017) ("Kee II").  Kee's criminal proceedings were at that point closed, and his filing was opened as a new civil action.  On October 25, 2017, the Court directed Kee to either pay the relevant fees for filing a new civil action or seek waiver of the fees by filing an application for leave to proceed in forma pauperis ("IFP") and prisoner authorization.  (A prisoner authorization is described below.)  Kee moved to voluntarily withdraw the action without prejudice, "since it was [treated as] a civil action and Plaintiff does not seek such claim.  Plaintiff only wanted the return of his seized property, something which has been withheld unlawfully by this Court."  On November 27, 2017, the Court

---

[1] For the reasons explained below, this petition was untimely.

2

granted the motion and dismissed the action under Federal Rule of Civil Procedure 41(b).

Kee filed this third petition in the criminal case on February 8, 2019, and did not pay the fees or seek waiver of the fees.[2]  On March 3, 2020, the Court issued an order directing Kee to either pay the fees or seek IFP status by filing an IFP application and prisoner authorization.  That order warned Kee that failure to comply would result in dismissal of the action.  On March 30, 2020, Kee submitted an IFP application, but he did not submit a prisoner authorization.

## DISCUSSION

A.   Kee's failure to submit the prisoner authorization

Generally speaking, to proceed with a civil action in this Court, a prisoner must either pay $400.00 in fees -- a $350.00 filing fee plus a $50.00 administrative fee -- or, to request permission to proceed IFP, that is, without prepayment of fees, submit a signed IFP application and a prisoner authorization. See 28 U.S.C. §§ 1914, 1915.  If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act ("PLRA") requires the court to collect the $350.00 filing fee in

---

[2] Kee filed this petition on in his closed criminal case in February 2019.  As explained below, Kee's petition is properly construed as a new civil action in equity.  Accordingly, on February 28, 2020 the petition was opened as a new civil case and assigned the above-captioned civil docket number.

installments deducted from the prisoner's prison trust fund account.  See 28 U.S.C. § 1915(b)(1).

The prisoner authorization directs the facility where the prisoner is incarcerated to deduct the $350.00 filing fee[3] from the prisoner's prison trust fund account in installments and to send to this court certified copies of the prisoner's account statements for the past six months.  See 28 U.S.C. § 1915(a)(2), (b); Bruce v. Samuels, 136 S. Ct. 627, 628 (2016); Harris v. City of New York, 607 F.3d 18, 21 (2d Cir. 2010).

Because Kee I was filed during the pendency of the criminal proceedings, the Court construed it as a motion for the return of property under Federal Rule of Criminal Procedure 41(g),[4] and it was docketed and adjudicated in the criminal case without requiring Kee to either pay the fee or seek IFP status.  Because

---

[3] The $50.00 administrative fee for filing a civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.

[4] Rule 41(g) provides:

A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return.  The motion must be filed in the district where the property was seized.  The court must receive evidence on any factual issue necessary to decide the motion.  If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

no criminal proceedings were pending against Kee when he filed
this petition, as was the case when he filed Kee II, the Court
construes this submission as a new civil action in equity.  See
Bertin v. United States, 478 F.3d 489, 493 (2d Cir. 2007)
(holding that "if a Rule 41(g) motion is 'made after the
termination of criminal proceedings against the defendant,' we
treat it 'as a civil complaint for equitable relief.'") (quoting
Rufu v. United States, 20 F.3d 63, 65 (2d Cir. 1994) (per
curiam).  See also Adeleke v. United States, 355 F.3d 144, 149,
151 (2d Cir. 2004) ("[W]e continue to adhere to [Mora v. United
States, 955 F.2d 156, 158, 160 (2d Cir. 1992)] and its progeny
insofar as those cases recognize federal equitable jurisdiction
to order the return of property pursuant to Rule 41(g) even
after the conclusion of criminal proceedings . . . ."); Soviero
v. United States, 967 F.2d 791, 792 (2d Cir. 1992) (holding that
the district court where a defendant is tried has ancillary
jurisdiction to decide a post-trial motion for return of seized
property).

    Courts in this Circuit have held that for a new civil
action seeking the return of property, the plaintiff must either
pay the fees associated with filing a new complaint or seek
leave to proceed IFP.  See, e.g., United States v. Sash, 581 F.
Supp.2d 647, 648-49 (S.D.N.Y. 2008).  See also Oyekoya v. United

States, 108 F. Supp. 2d 315, 317 (S.D.N.Y. 2000) (noting Chief
Judge construed former Rule 41(e) motion as a new action and
directed the plaintiff to either pay fee or seek IFP status).

The Second Circuit has not addressed whether the PLRA's
prisoner filing fee requirements apply as well to new civil
actions seeking the return of property.[5]  The Circuit has held
that the PLRA covers "the general run of civil actions,
regardless of the claim and regardless of the identity of the
defendants."  Reyes v. Keane, 90 F.3d 676, 678 n.1 (2d Cir.
1996) (holding that the PLRA is not limited to "prisoners' suits
seeking relief from prison officials because of prison
conditions"), overruled on other grounds, Lindh v. Murphy, 521
U.S. 320, 336 (1997).  The Second Circuit has held that the PLRA
applies to writs that "seek relief analogous to civil complaints
under 42 U.S.C. § 1983, but not to writs directed at judges
conducting criminal trials."  In re Nagy, 89 F.3d 115, 116 (2d
Cir. 1996); cf. Jones v. Smith, 720 F.3d 142, 146-47 (2d Cir.
2013) (holding that dismissals of habeas petitions challenging

---

[5] Other Circuits have held that post-judgment motions filed
under Rule 41(g) are subject to the PLRA.  See United States v.
Howell, 354 F.3d 693, 695 (7th Cir. 2004); United States v.
Jones, 215 F.3d 467, 469 (4th Cir. 2000); United States v.
Rodgers, 108 F.3d 1247, 1249 n.1 (10th Cir. 1997); Pena v.
United States, 122 F.3d 3, 4-5 (5th Cir. 1997).

the prisoner's conviction do not count under three-strikes provision of PLRA).

Some but not all courts in this Circuit have required prisoners filing new civil actions seeking the return of property to submit IFP applications and prisoner authorizations as the PLRA requires.[6]  See, e.g., Ugwu v. United States, ECF 1:19-CV-9239, 4 (S.D.N.Y. Oct. 9, 2019); Salameh v. United States, ECF 1:19-CV-4002, 3 (S.D.N.Y. May 13, 2019); Ramos-Nunez v. United States, ECF 1:18-CV-8494, 3 (S.D.N.Y. Sept. 28, 2018); Alvarado v. United States, ECF 1:15-CV-7247, 4 (S.D.N.Y. Sept. 21, 2015).  But see Azzara v. United States, ECF 7:19-CV-8751, 3 (S.D.N.Y. Sept. 24, 2019) (requiring only IFP application); Ozsusamlar v. United States, ECF 1:12-CV-1079, 2 (S.D.N.Y. Feb. 17, 2012) (same).

As Kee was advised on March 3, 2020, in order to proceed with this petition he must submit the prisoner authorization required by the PLRA.  There is a second hurdle to Kee's pursuit of this petition, however, which is discussed next.

---

[6] Courts in this district regularly dismiss actions without prejudice for failure to comply with orders directing submission of prisoner authorizations.  See, e.g., Merchant v. Dep't of Health Svcs., ECF 1:19-CV-11122, 4 (S.D.N.Y. Mar. 10, 2020); Iotova v. Demisa, ECF 1:18-CV-9700, 5 (S.D.N.Y. Nov. 5, 2018); Smith v. Maurin, ECF 1:15-CV-8524, 4 (S.D.N.Y. Mar. 25, 2016).

B.    Statute of Limitations

Under 28 U.S.C. § 2401(a), "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."  When a motion for the return of property is filed "'after the termination of criminal proceedings,'" this "six-year catch-all statute of limitations for civil actions against the federal government is applied."  Bertin v. United States, 478 F.3d 489, 492-93 (2d Cir. 2007) (citing 28 U.S.C. § 2401(a)); Rufu, 20 F.3d at 65 (holding that § 2401(a) provides the statute of limitations for a new "civil complaint for equitable relief").  "[W]here (as here) there has been a related criminal proceeding but no civil forfeiture proceeding, the cause of action accrues at the end of the criminal proceeding during which the claimant could have sought the return of his property by motion, but neither sought such return nor received his property."  Frith v. United States, 268 F.R.D. 177, 180 (S.D.N.Y. 2010) (quoting Bertin, 478 F.3d at 493); accord Assil v. United States, No. 07-CV-11037, 2008 WL 4104026 at *4-6 (S.D.N.Y. Aug. 26, 2008).

As Kee's criminal proceeding ended, at the latest, on October 7, 2002, when the Supreme Court denied certiorari, he likely had, at the latest, until October 7, 2008, to timely

8

bring the present action under § 2401(a).  Section 2401(a) is a claims-processing rule.[7]  As a claims-processing rule, rather than a jurisdictional rule, untimeliness is an affirmative defense subject to waiver and equitable tolling.[8]  See Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995).

Should Kee execute the prisoner authorization, the Court will direct the Government to respond to this petition.  In the event he does so and the Government does not waive the affirmative defense of untimeliness, Kee will be given an opportunity to present any facts to support a request of equitable tolling.  In the event Kee does not execute the prisoner authorization, this petition will be dismissed without prejudice.  Kee is advised, however, that should he file a

---

[7] Following the Supreme Court's decision in United States v. Kwai Fun Wong, 135 S. Ct. 1625, 1632 (2015), the courts that have addressed the issue have largely found that § 2401(a) is not jurisdictional.  See Chance v. Zinke, 898 F.3d 1025, 1030 (10th Cir. 2018); Herr v. U.S. Forest Serv., 803 F.3d 809, 812 (6th Cir. 2015); Vullo v. Office of Comptroller of Currency, 378 F. Supp. 3d 271, 290 (S.D.N.Y. 2019).  See also Clymore v. United States, 217 F.3d 370, 374 (5th Cir. 2000); and Cedars-Sinai Med. Ctr. v. Shalala, 125 F.3d 765, 770 (9th Cir. 1997).

[8] A litigant seeking equitable tolling must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.  Bolarinwa v. Williams, 593 F.3d 226, 231 (2d Cir. 2010) (quoting Lawrence v. Florida, 549 U.S. 327, 336, (2007)).

fourth petition, a dismissal for failure to execute the prisoner authorization shall be with prejudice.

## CONCLUSION

Kee's application for leave to proceed in forma pauperis is granted without prejudice.  Kee must submit the prisoner authorization by **June 26, 2020**.  In the event he does not do so, this petition will be dismissed without prejudice.  The Clerk of Court is directed to mail copies of this Order and the prisoner authorization to Kee and note service on the docket.

SO ORDERED:

Dated:  New York, New York
        May 4, 2020

_____
DENISE COTE
United States District Judge

10

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

(full name of the plaintiff/petitioner)

-against-

CV _____ (    ) (    )

(Provide docket number, if available; if filing this with your complaint, you will not yet have a docket number.)

_____

(full name(s) of the defendant(s)/respondent(s))

## PRISONER AUTHORIZATION

By signing below, I acknowledge that:

(1)   because I filed this action as a prisoner,[1] I am required by statute (28 U.S.C. § 1915) to pay the full filing fees for this case, even if I am granted the right to proceed *in forma pauperis* (IFP), that is, without prepayment of fees;

(2)   the full $350 filing fee will be deducted in installments from my prison account, even if my case is dismissed or I voluntarily withdraw it.

I authorize the agency holding me in custody to:

(1)   send a certified copy of my prison trust fund account statement for the past six months (from my current institution or any institution in which I was incarcerated during the past six months);

(2)   calculate the amounts specified by 28 U.S.C. § 1915(b), deduct those amounts from my prison trust fund, and disburse those amounts to the Court.

This authorization applies to any agency into whose custody I may be transferred and to any other district court to which my case may be transferred.

_____          _____
Date                                                          Signature

_____
Name (Last, First, MI)                                    Prison Identification #

_____
Address                          City                          State        Zip Code

---

[1] A "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

SDNY Rev. 10/26/16