```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
                                     :
CHARLES MICHAEL KEE,                 :
                                     :
                    Plaintiff,       :        20cv1840 (DLC)
                                     :
              -v-                    :          ORDER
                                     :
UNITED STATES OF AMERICA,            :
                                     :
                    Defendant.       :
                                     :
------------------------------------ X
```

DENISE COTE, United States District Judge:

Charles Michael Kee first sought the return of seized property -- a gold watch, a beeper, a lighter, a wallet with an identification card and papers, a hat, jewelry, keys, a cellphone, and $2000 in cash -- by filing in the criminal case a motion under Federal Rule of Civil Procedure 41(g) on February 26, 2001.  At that time, the direct appeal of Kee's conviction was pending, the Government opposed the motion, and the Court denied Kee's motion as premature.  See Kee v. United States, No. 01-CV-1657 (DLC), 2001 WL 897175, at *1 and n.2 (S.D.N.Y. Aug. 9, 2001).

On October 3, 2017, Kee filed a second petition seeking the return of property, asserting that the Government had failed to return it after his direct appeal was decided.  See Kee v. United States, ECF 1:17-CV-7732, 1 (DLC) (S.D.N.Y. filed Oct. 2, 2017).  Rather than pay the relevant fees or seek their waiver,

Kee moved to voluntarily withdraw the action without prejudice. On November 27, 2017, the Court dismissed the action.

Kee filed this third petition in the criminal case on February 8, 2019, and did not pay the relevant fees or seek waiver of the fees. On March 30, 2020, Kee submitted an IFP application, but he did not submit a prisoner authorization. Kee submitted his prisoner authorization on May 18. The Government opposed Kee's motion on July 10.

Under 28 U.S.C. § 2401(a), "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." As Kee's criminal proceeding ended, at the latest, on October 7, 2002, when the Supreme Court denied certiorari, it would appear that he had until October 7, 2008, to timely bring the present action.

The Government does not waive the defense of untimeliness. Kee shall have an opportunity to present facts and argument to support any request for equitable tolling of the statute of limitations. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Watson v. United States, 865 F.3d 123, 132 (2d Cir. 2017) (citation omitted). A

petitioner seeking equitable tolling must show a "causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Jenkins v. Greene, 630 F.3d 298, 303 (2d Cir. 2010) (citation omitted). The petitioner must have exercised "reasonable diligence throughout the period he seeks to toll." Phillips v. Generations Family Health Ctr., 723 F.3d 144, 150 (2d Cir. 2013) (citation omitted).  Accordingly, it is hereby

ORDERED that Kee shall file by **August 21, 2020,** any request for equitable tolling of the statute of limitations.  The Government shall file any response by **September 4, 2020.**

SO ORDERED:

Dated:  New York, New York
        July 13, 2020

_____
                              DENISE COTE
                     United States District Judge

3

```
Copy mailed to:
Charles Michael Kee (Register # 43930-054)
FCI Edgefield
Federal Correctional Institution
P.O. Box 725
Edgefield, SC 29824
```