```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
CHARLES MICHAEL KEE,                   :
                                       :
                    Plaintiff,         :      20cv1840 (DLC)
                                       :
            -v-                        :      MEMORANDUM
                                       :      OPINION AND ORDER
UNITED STATES OF AMERICA,              :
                                       :
                    Defendant.         :
                                       :
-------------------------------------- X
```

DENISE COTE, United States District Judge:

Charles Michael Kee seeks for the third time the return of seized property -- a gold watch, a beeper, a lighter, a wallet with an identification card and papers, a hat, jewelry, keys, a cellphone, and $2,000 in cash -- by filing a motion under Federal Rule of Civil Procedure 41(g). Kee filed this petition on February 8, 2019.[1]

Kee sought this same relief in 2001, while the direct appeal of his conviction was pending, and again in 2017. The Court denied the 2001 request. See Kee v. United States, No. 01-CV-1657 (DLC), 2001 WL 897175, at *1 and n.2 (S.D.N.Y. Aug. 9, 2001) ("2001 Opinion"). Kee withdrew the 2017 motion after

---

[1] Kee filed this petition on in his closed criminal case in February 2019. Kee's petition is properly construed as a new civil action in equity. Accordingly, on February 28, 2020 the petition was opened as a new civil case and assigned the above-captioned civil docket number.

the Court directed Kee to either pay the relevant fees for filing a new civil action or seek waiver of the fees by filing an application for leave to proceed in forma pauperis ("IFP") and prisoner authorization.

After a series of Orders were issued in the current action, Kee executed the application for leave to proceed IFP and the prisoner authorization.  The Government then opposed Kee's motion on July 10, 2020, arguing that Kee's motion was untimely and advising that the Government did not waive the statute of limitations defense.  On July 13, the Court directed Kee to submit any request for equitable tolling by August 21.  The July 13 Order instructed Kee to present any facts that excused his delay in bringing this petition.  Kee responded on July 21.[2]

Under 28 U.S.C. § 2401(a), "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."  When a motion for the return of property is filed "'after the termination of criminal proceedings,'" this "six-year catch-all statute of limitations for civil actions against the federal government is applied."  Bertin v. United States, 478 F.3d 489, 492-93 (2d Cir. 2007) (citing 28 U.S.C. § 2401(a)); Rufu v. United States, 20 F.3d 63, 65 (2d Cir. 1994)

---

[2] The July 21 submission was docketed on July 29, 2020.

(holding that a motion for return of seized property after the termination of criminal proceedings is a "civil complaint for equitable relief").  "[W]here (as here) there has been a related criminal proceeding but no civil forfeiture proceeding, the cause of action accrues at the end of the criminal proceeding during which the claimant could have sought the return of his property by motion, but neither sought such return nor received his property."  Frith v. United States, 268 F.R.D. 177, 180 (S.D.N.Y. 2010) (quoting Bertin, 478 F.3d at 493).

As Kee's criminal proceeding ended, at the latest, on October 7, 2002, when the Supreme Court denied his petition for a writ of certiorari, he had, at the latest, until October 7, 2008, to timely bring the present action under § 2401(a).  As a claims-processing rule, however, untimeliness is an affirmative defense subject to waiver and equitable tolling.  See Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995).

Because the Government has not waived the defense of untimeliness, Kee must show that he is entitled to equitable tolling.  A litigant seeking equitable tolling must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.  Bolarinwa v. Williams,

593 F.3d 226, 231 (2d Cir. 2010) (quoting Lawrence v. Florida, 549 U.S. 327, 336, (2007)).  Kee has shown neither.

While his July 21 submission appears to assert that equitable tolling would be appropriate, he does not explain how he has been diligently pressing his rights, or why he is only now bringing this claim.  Based on the record before the Court, there are no facts that would suggest that his delay should be excused.  Kee was aware of this claim as early as 2001.  See 2001 Opinion, 2001 WL 897175, at *1 and n.2.  He filed a substantively identical motion as late as 2017, only to abandon that claim.  He has offered no explanation or factual material addressing his lack of diligence.

## Conclusion

The plaintiff's February 28, 2020 motion for return of property is denied as untimely.  The Clerk of Court shall enter judgment for the defendant and dismiss the action.

Dated: New York, New York
       September 9, 2020

_____
DENISE COTE
United States District Judge

```
Copy mailed to:
Charles Michael Kee (Register # 43930-054)
FCI Edgefield
Federal Correctional Institution
P.O. Box 725
Edgefield, SC 29824
```